**UNITED STATES of America,**
**Plaintiff–Respondent,**

v.

**Lewis MOSER, Jr., a/k/a/ LOUIS Moser, Jr., Defendant–Movant.**

**No. CR–08–44–R.**

United States District Court,
W.D. Oklahoma.

March 18, 2008.

---

Edward J. Kumiega, U.S. Attorney's Office, Oklahoma City, OK, for Plaintiff–Respondent.

Joseph L. Wells, Oklahoma City, OK, for Defendant–Movant.

## ORDER

DAVID L. RUSSELL, District Judge.

Defendant Lewis Moser, Jr., appeals from the Order of United States Magistrate Judge Bana Roberts entered January 31, 2008 in Case No. M–07–131–RO [Doc. No. 42] denying Defendant's motion to dismiss the criminal complaint filed against him the by the United States of America. The Order of the Magistrate Judge is AFFIRMED.

■ That defense counsel did not have adequate time to respond to the Government's motion for a psychiatric evaluation did not warrant dismissal of the complaint. Defendant's prior counsel did not move for a continuance of the hearing on the Government's motion to allow him to file a written response or for additional time to prepare for the hearing on the motion. Indeed, Defendant's previous counsel was asked by the Magistrate Judge as to whether she needed "additional time to prepare" before the hearing on the Government's motion was held and she declined. Transcript of Hearing on August 9, 2007 at p. 3. Moreover, Defendant has failed to show how he was prejudiced by not having seven (7) days pursuant to LCrR 12.1.(b) in which to respond to the Government's motion for a psychiatric evaluation or to point to or describe any evidence Defendant could or would have presented at the hearing had he had additional time to prepare therefor. Finally Defendant cites no authority suggesting that the lack of adequate time to respond to a competency determination request or to prepare for a hearing thereon warrants dismissal of the underlying criminal complaint.

There is no issue but that the Government's failure to obtain an Indictment within thirty (30) days of arrest does not raise a Speedy Trial Act issue. The time

for filing an Indictment was tolled by proceedings, including an examination, to determine Defendant's mental competency. *See* 18 U.S.C. § 3161(h)(1)(A). Defendant suggests that the Government's failure to obtain an Indictment against Defendant nevertheless raises due process issues. However, Defendant presents no authority suggesting that the failure to obtain an Indictment raises due process concerns or counsels or requires that the complaint be dismissed.

■ Defendant/Appellant argues that the Magistrate Judge erred in failing to dismiss the complaint on the ground that Defendant never received a probable cause and detention hearing. Defendant further asserts that the Magistrate Judge erred in finding that ordering a psychiatric examination and mental competency hearing had extended the time limits under F.R.Cr.P. 5.1(C) because she did not make a finding that "extraordinary circumstances exist and justice requires the delay." F.R.Cr. P.5.1(d). Defendant complains that "[n]o court has ever found that there was probable cause ... [he] committed a crime" and "[n]o court has ever found that there was no condition or combination of conditions that could reasonably assure ... [his] appearance and the safety of any other person and the community," while he has been detained more than six (6) months. Appellant's Brief at p. 10.

■ Section 4241(a) of Title 18 of the United States Code provides that a motion to determine a defendant's competency may be made "*[a]t any time* after the commencement of a prosecution for an offense" 18 U.S.C. § 4241(a) (emphasis added). Moreover, it is clear from the language of Section 4241 in its entirety that if it is determined that there is reasonable cause to believe the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

and consequences of the proceedings against him or to assist properly in his defense, all proceedings against such defendant are stayed or suspended until such time that it is determined that the Defendant is mentally competent with the requisite ability to understand and assist in proceedings against him. *See United States v. Weathers,* 374 F.Supp.2d 957 (D.N.M.2004); *United States v. Gallinari,* 1999 WL 33117079 (D.Me. Oct. 26, 1999). Because the statute provides that a motion to determine competency may be made at *any time* and for consequential interruption and/or suspension of proceedings at such juncture, the statute necessarily modifies the time limits imposed by Rule 5.1(c), F.R.Cr.P. Moreover, if there is reasonable cause to believe that a defendant has a mental disease rendering him unable to understand the nature and consequences of the proceedings against him and/or to assist in his defense, it makes sense that the preliminary hearing and detention hearing be deferred until such time as the defendant has been determined to be mentally competent to the extent that he is able to understand the nature and consequences of those proceedings against him and to assist in his defense, as the Magistrate Judge implicitly recognized.

■ To the extent Defendant is raising due process concerns in asserting that he has been detained for over six months without a probable cause determination or a detention hearing, the Magistrate Judge determined that there was probable cause to believe that Defendant had committed the crime with which he was charged in the complaint when she issued the warrant for Defendant's arrest. A defendant arrested pursuant to a valid arrest warrant is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial. *Baker v. McCollan,* 443 U.S. 137, 143, 99

S.Ct. 2689, 2694, 61 L.Ed.2d 433, 441 (1979). *See Gerstein v. Pugh,* 420 U.S. 103, 120 & 125, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).